UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID BRUCE SPENCER, ET AL. | * | CIVIL ACTION |
| VS. | * | NO. 06-4254 |
| KALLIN L. BROOKS, ET AL. | * | SECTION B |
| | * | MAGISTRATE JUDGE 2 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION IN LIMINE BY KALLIN L. BROOKS AND GEICO TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT FINLEY HILLIARD

Kallin L. Brooks and GEICO, Defendants, move this Honorable Court for a motion to exclude testimony of plaintiffs' expert, Finley Hilliard, and in support thereof state as follows:

Plaintiffs have designated Finley Hilliard as an expert witness in the field of accounting to support plaintiffs' claims for lost past personal income, future personal income, and corporate income for their closely held corporation, Spencer Investments Corporation d/b/a The Cornstalk Hotel. Plaintiffs have provided Mr. Hilliard's curriculum vitae and expert report in accordance with the Court's scheduling order. However, upon review of Mr. Hilliard's credentials and having taken his deposition on September 17, 2009, it is apparent that Mr. Hilliard should be excluded from testifying at trial or offering opinions in this case pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 15 L.Ed.2d 469 (1993). Mr. Hilliard's

1

conclusion that David and Deborah Spencer have suffered personal lost income and will incur future lost income due to the decline in their closely-held corporation, Spencer Investment Corporation d/b/a The Cornstalk Hotel, is based on speculative and unreliable information. In addition, Mr. Hilliard's opinions do not establish a proper methodology as he fails to consider several significant factors that may affect Spencer Investments Corporation d/b/a The Cornstalk Hotel in past and future sales. Lastly, the expert report purportedly authored by Mr. Hilliard was prepared by a non-licensed employee of Mr. Hilliard although allegedly supervised by Mr. Hilliard. For these reasons and for the reasons more fully set forth in the accompanying memorandum in support, the Defendants' motion in limine should be granted and Mr. Hilliard should be excluded from testifying at trial or otherwise rendering expert opinions in this case.

**WHEREFORE**, Kallin L. Brooks and GEICO, defendants, pray that their motion be granted, that Finley Hilliard be excluded as an expert pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 15 L.Ed.2d 469 (1993), and for such other relief as the Court deems just and proper.

Respectfully submitted:

/s/Louis P. Bonnaffons
**LOUIS P. BONNAFFONS (#21488)(T.A.)**
lbonnaffons@leakeandersson.com
**W. PAUL ANDERSSON (#2474)**
pandersson@leakeandersson.com
**DEAN M. ARRUEBARRENA (#24283)**
darruebarrena@leakeandersson.com
**RYAN M. CASTEIX (#31656)**
rcasteix@leakeandersson.com
Leake & Andersson L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: (504) 585-7500
Facsimile:  (504) 585-7775

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been electronically filed and delivered to all counsel of record by notice of electronic filing by the court, by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 30th day of September, 2009, at their last known address of record.

/s/Louis P. Bonnaffons
LOUIS P. BONNAFFONS

CP/39358/#472